Andrew S. Lishko, Esq. (SBN 033136)
Carrie A. Laliberte, Esq. (SBN 032556)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
1850 N. Central Avenue, Suite 1600
Phoenix, AZ 85004-4633
Telephone:   (602) 252-1900
Facsimile:    (602) 252-1114
Email:   alishko@maypotenza.com
             claliberte@maypotenza.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexis Lindvall, | Case No. CV-24-00768-PHX-SHD |
| Plaintiff, | **JOINT MOTION FOR TO AMEND SCHEDULING ORDER** |
| v. | |
| The Law Office of Daniel Hutto, PLLC; Daniel Hutto; Shannon McShay; and John Carbone, | (Assigned to Hon. Sharad Desai) |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 16(b), Defendants The Law Office of Daniel Hutto, PLLC, Daniel Hutto, Shannon McShay, and John Carbone ("Defendants") and Plaintiff Alexis Lindvall, hereby file this joint motion requesting the Court amend the scheduling order.

Pursuant to Rule 16, a scheduling order can be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b). The "good cause" standard primarily considers the diligence of the parties in attempting to comply with the deadlines set forth in the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "If the part[ies] seeking to amend were unable to comply with deadline despite that party's diligence, the Court may modify the schedule." *Cano v. Schiro*, 236 F.R.D. 437, 439 (9th Cir. 2006).

The parties have been diligent in exchanging discovery and in proactively seeking to schedule depositions. However, despite their diligence, the parties will be unable to meet the deadline to complete discovery. Accordingly, the parties jointly request an extension on several

discovery-related deadlines. Importantly, the parties are not seeking to move the dispositive motion deadline. The deadline extensions, as requested herein, will still permit the parties to file dispositive motions by the deadline originally ordered in the current case management order.

## I. Brief Factual/Procedural Background

This case is an employment law dispute between an associate attorney, on the one hand, and her former employer and supervising attorneys, on the other. (Doc. 15 at 1:15–16).

On March 18, 2025, this Court entered the Case Management Order. (Doc. 29). The deadline for discovery is set for July 18, 2025. (*Id.*)

Both parties timely served written discovery (Doc. 32 and Doc. 34). Plaintiff responded to Defendants' discovery requests on May 13, 2025 (Doc. 35) and Defendants will respond to Plaintiff's discovery requests by June 6, 2025.

Among other documents requested, Defendants requested signed medical authorizations for treatment received by Plaintiff within the relevant time period. Plaintiff disclosed nine different medical providers. Within two days of receiving Plaintiff's authorizations, Defendants had prepared cover letters and sent out the authorizations.

The parties began discussing deposition dates in early May. The parties cannot effectively have the depositions until documents have been produced, including the medical records from the nine different providers disclosed and Defendant's responses to Plaintiff's discovery requests are served. As a result, depositions likely cannot occur until mid-June, at the earliest. This provides only a few short weeks in which depositions can occur before July 18.

The parties will be taking, at minimum, five depositions—one for each party. The parties promptly began discussing deposition scheduling, but have run into challenges scheduling these depositions for two reasons. First, each of the parties is a practicing attorney. With their counsel, effectively six attorneys' schedules must be taken into consideration and worked around. And because the parties' practice in family or criminal law, hearings and other court matters are on short notice, making their schedules impossible to foresee at the time the scheduling order was entered on March 18.

Second, Plaintiff now lives in Texas, and travel must be taken into consideration. As an associate attorney, Plaintiff also must receive approval to take time off, including for travel and for her deposition.

In addition to the various hearings and trials the attorney-parties themselves are handling, counsel for Defendants is arguing in front of the Arizona Supreme Court on June 17, 2025, has a two-day evidentiary hearing on June 23 and 24, 2025, and will be traveling out of state July 11 through 18. Plaintiff's availability for a deposition, unfortunately, matches with Defendants' counsel's unavailability.

As noted herein, the parties have diligently litigated this matter. Within ten days of the court entering the scheduling order, Defendants served their written discovery. However, two months later, Defendants are still waiting on documents from the third-party medical providers. As a result, there is a very small window under the current scheduling order in which the parties can complete depositions. But due to counsel and the attorney-parties' availability, the parties are unable to complete depositions prior to July 18, 2025.

If the parties are unable to complete the depositions, despite their diligence, they would be prejudiced in their defense of this matter. *See Alchera X Inc. v.* Hong, 2025 WL 8701018 (D. Ariz. March 20, 2025) (noting that "prejudice is a secondary consideration to the Court" in determining whether to amend the scheduling order) (citation and quotation omitted).

Accordingly, the parties are diligently and proactively seeking to amend the scheduling order two months' prior to the deadline to complete fact discovery. The parties request the Court enter the order submitted herewith, and amend the scheduling order to extend the following discovery related deadlines:

- Completion of fact discovery: from July 18, 2025 to August 29, 2025;
- Expert disclosure: from August 22, 2025 to September 22, 2025;
- Rebuttal Expert disclosures: from September 26, 2025 to October 24, 2025;
- Expert depositions: from October 17, 2025 to November 17, 2025.

1  Notably, the parties are not requesting the court extend the deadline currently set for
2  dispositive motions, January 17, 2026. If the Court grants this motion and amends the scheduling
3  order, the parties will still be on track to address this matter within the timeframe originally
4  contemplated by the scheduling order.

  The parties respectively request this Court enter the form of order filed herewith.

  RESPECTFULLY SUBMITTED this 27th day of May, 2025.

                                 **MAY, POTENZA, BARAN & GILLESPIE, P.C.**

                                 By: /s/Andrew S. Lishko
                                     Andrew S. Lishko, Esq.
                                     Carrie A. Laliberte, Esq.
                                     *Attorney for Defendants*

                                 FERNANDEZ WATTS LAW PLLC

                                 By: */s/ Shayna Fernandez Watts (with permission)*
                                     Shayna Fernandez Watts
                                     *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

Shayna Fernandez Watts
FERNANDEZ WATTS LAW PLLC
5040 E. Shea Blvd. Ste. 272
Scottsdale, Arizona 85254
Shayna@FernandezWattsLaw.com
*Attorney for Plaintiff*

*/s/ Lindsey Lechuga*